**ORIGINAL**

A CERTIFIED TRUE COPY
ATTEST

By April Layne on Apr 10, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Apr 10, 2008**
FILED
CLERK'S OFFICE

**IN RE: OILILY FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION**

| | |
|---|---|
| Elizabeth McCoy v. Oilily B.V., et al., <br> N.D. California, C.A. No. 3:07-4780 <br> Melanie A. Klingensmith v. Oilily Retail USA, <br> E.D. Pennsylvania, C.A. No. 2:07-4321 | ) <br> ) <br> ) <br> ) |

MDL No. 1939

**FILED**

APR 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in the Eastern District of Pennsylvania action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. No other party to the litigation has responded to the motion.

This litigation currently consists of two actions pending in two districts, one action each in the Northern District of California and the Eastern District of Pennsylvania.

After considering all argument of counsel, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action involves allegations that defendants' printing of certain credit and debit card information on customer receipts violated the Fair and Accurate Credit Transactions Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation, because the first-filed action is pending there and this choice is unopposed.

---

[*] Judge Scirica did not participate in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Eastern District of Pennsylvania is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Susan Yvonne Illston for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.    Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica*

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

April 10, 2008

Honorable Susan Yvonne Illston
U.S. District Judge
Phillip Burton U.S. Courthouse
Suite 19-5424
450 Golden Gate Avenue
San Francisco, CA 94102-3434

Re: MDL No. 1939 -- IN RE: Oilily Fair and Accurate Credit Transactions Act (FACTA) Litigation

Dear Judge Illston:

Attached are: (i) a letter directed to the Clerk of your district advising that the above-referenced litigation has been transferred to you under 28 U.S.C. § 1407 and (ii) a copy of the related transfer order.

As you may know, all multidistrict litigation statistics are maintained by this office and submitted to the Administrative Office for inclusion in the Annual Report of the Director. Consequently, once yearly we will verify with your Clerk the actual number and status of the actions assigned to you, including actions added to the docket either by transfer of tag-along actions or additional related actions originally filed in your district. A copy of our inquiry to your Clerk will be directed to you for your information.

We have a Citrix remote access server for use by transferee courts in accessing our database for information regarding assigned multidistrict litigation. The server can be accessed by you if you have a Windows based personal computer with DCN access. Our database contains transferor and transferee information for each action transferred by the Panel and actions filed in your district. Counsel identified in the database are those who made appearances in the transferor districts, counsel who filed appearances before the Panel and counsel assigned by you as liaison counsel. Also, each individual action is tracked from the date of transfer to termination either by dismissal, remand to transferor district, remand to state court, etc. If you are interested in utilizing the server, please feel free to contact our Systems Administrator, Al Ghiorzi, to establish a password and receive instructional information.

Your attention is directed to Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 436-38 (2001), dealing with termination and remand of actions transferred by the Panel. Specifically, the rule states, in part, the following:

- 2 -

     (a) Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court....

     (b) Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial....

     (c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on...suggestion of the transferee district court....

We will promptly act upon any written notices from you that remand of actions or separable claims transferred under Section 1407 is appropriate.

If you appoint liaison counsel, in your pretrial order outlining liaison counsel's responsibilities, please consider reinforcing Panel Rule 5.2(e), which provides:

     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule [Panel Rule 5.2, Service of Papers Filed Before the Panel] shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

Feel free to contact this office if we may be of assistance to you.

                                 Very truly,

                                 Jeffery N. Lüthi
                                 Clerk of the Panel

                                 By  _April C. Layne_
                                    April C. Layne
                                    Docket Specialist

Attachments (Separate Documents)

cc:     Clerk, United States District Court
       for the Northern District of California